IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANGLE INC., *Plaintiff*, v. THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", *Defendants*. | CASE NO. 21-cv-03930<br><br>Judge: Thomas M. Durkin<br><br>Magistrate Judge: Young B. Kim |

## ANSWER TO COMPLAINT

HERE COME Defendants ACToy and Priamaa (collectively "Defendants"), by and through their counsel, file their answer and affirmative defenses to Plaintiff's Complaint as set forth below.

### INTRODUCTION

1. Admitted in Part and Denied in Part. Defendants admit that this purports to be an action related to the recited trademark and copyright registrations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefor deny them.

2. Denied.

3. Denied.

### JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted in Part and Denied in Part. Defendants admit that they accept payment in U.S. dollars. The remaining allegations of paragraph 6 are denied.

## THE PLAINTIFFS

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore deny them.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny them.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore deny them.

10. Admitted in Part and Denied in Part. Defendants admit that the registrations for the TANGLE Trademark constitutes prima facie evidence of its validity and of Plaintiff's exclusive right to use those trademarks pursuant to 15 U.S.C.§ 1057(b). Plaintiff's trademark is not distinctive but is merely descriptive.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore deny them.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore deny them.

## THE DEFENDANTS

14. Admitted in Part and Denied in Part. Defendants admit that they reside in the People's Republic of China. Defendants further admit that they conduct business throughout the United States through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendants Internet Stores. The remaining allegations of paragraph 14 are denied.

## THE DEFENDANTS' UNLAWFUL CONDUCT

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore deny them.

16. Admitted in Part and Denied in Part. Defendants admit that they accept payment in U.S. dollars and via Paypal and credit cards. The remaining allegations of paragraph 16 are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore deny them.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted in Part and Denied in Part. Defendants admit that they have bank account(s) in China. The remaining allegations of paragraph 23 are denied.

24. Admitted in Part and Denied in Part. Defendants admit that they offer shipping of products offered for sale on their Amazon storefront to the United States and Illinois. The remaining allegations of paragraph 24 are denied.

25. Denied.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING**
**(15 U.S.C.§ 1114 )**
**[Against Defendants Designated in Schedule A]**

26. Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 through 25.

27. Admitted in Part and Denied in Part. Defendants admit that this purports to be an action for trademark infringement. The remaining allegations of paragraph 27 are denied.

28. Denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 pertaining to ownership of intellectual property rights, and therefore deny them. The remaining allegations of paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

## SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C.§ 1125(a))
### [Against Defendants Designated in Schedule A]

33. Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 through 25.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## THIRD CAUSE OF ACTION
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)
### [Against Defendants Designated in Schedule A]

38. Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 through 25.

39. Denied.

40. Denied.

41. Denied.

## FORTH CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (17 U.S.C.§ 101, et seq.)

4

**[Against Defendants Designated in Schedule A]**

42. Defendants restate and incorporate their responses to the allegations set forth in Paragraphs 1 through 25.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 pertaining to ownership of intellectual property rights, and therefore deny them.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**FIRST AFFIRMATIVE DEFENSE**
**Bar on Damages Under 15 U.S.Code § 1117(c)**

Plaintiff is barred from damages claimed under 15 U.S.Code § 1117 that accrued prior to the date of registration of its trademarks

**SECOND AFFIRMATIVE DEFENSE**
**Laches**

Upon belief and information, Plaintiff might have known that many sellers including the answering Defendants are selling alleged counterfeit products but did not take any actions. Plaintiff

failed to show that it at least attempted to contact law enforcement in China or filed any grievances or complaints in courts in China. By failing to take legal actions, knowing that there are occurrences of alleged infringing activities, Plaintiff should be estopped from litigating this case at a later time when the answering Defendants are unfairly disadvantaged by Plaintiff's intentional delay of litigation.

### THIRD AFFIRMATIVE DEFENSE
#### Fair Use

Defendants' product description is neither identical to or substantially indistinguishable from Plaintiff's claimed trademark. Neither the product description, nor any other content in Exhibit 1, utilizes Plaintiff's claimed trademarks as a trademark. Rather, Defendants merely described the generic toy it offered for sale. Defendants' use of Plaintiff's claimed trademarks, if any, was fair and in good faith.

### FOURTH AFFIRMATIVE DEFENSE
#### First Sale Defense Applies If The Alleged Infringing Product Is Not Counterfeit

As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the mark owner does not authorize the sale … Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement. Importantly, the branded item must be in an unchanged state. When trademarked goods are materially different from the goods that the trademark is known to represent, the infringer cannot use the first sale doctrine as a defense.

If the alleged infringing "toy" product is not proven counterfeit by Plaintiff by the preponderance of evidence. Defendants are not liable for infringement because there is no material difference between the alleged infringing products and Plaintiff's toy since Plaintiff alleges in its complaint in paragraph 2 that the "The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale..."

### FIFTH AFFIRMATIVE DEFENSE

**Invalidity of the Copyright**

1. Defendants believe that the Copyright was invalid because of Plaintiffs' misrepresenting to Copyright Office that this particular Toy was sculpture.

The word sculpture implies a relatively "firm form" representing a particular concept. *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 456 (2d Cir. 1989). The Plaintiffs' toy in question have no such form.

Plaintiffs knew full well that no reasonable observer could believe that this toy were sculpture. And it is the law of the Second Circuit that the "knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid and thus incapable of supporting an infringement action." *Eckes*, supra, 736 F.2d at 861–62. Because Plaintiffs' misrepresentation, Plaintiffs do not have a valid copyright capable of enforcement.

2. Defendants also believe that the Copyright was invalid because Plaintiffs' toy have an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information

In the recent Supreme Court case *Star Athletica*, the Supreme Court held that the physical-conceptual distinction is unnecessary. *Star Athletica, LLC. v. Varsity Brands, Inc.*, 137 S.Ct. 1002, 1014, 197 L. Ed. 2d 354 (2017). The Supreme Court came up with a test that a feature incorporated in to the design of a useful article is eligible for copyright protection only if the feature: (1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work—either on its own or fixed in some other tangible medium of expression—if it were imagined separately from the useful article into which it is incorporated. *Star Athletica,* 137 S. Ct. at 1007.

Applying the test from *Star Athletica* here, there is noway the toy "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the toy." 17 U.S.C. § 101; *Star Athletica*, 137 S. Ct. at 1008. As the Supreme Court explained, "the first requirement—separate identification—is not onerous. The judge need only be able to look at the useful article and spot some two– or three-dimensional element that appears to have pictorial, graphic, or sculptural qualities." *Star Athletica*, 137 S. Ct. at 1010. The toy undoubtedly has three-dimensional parts but it undoubtedly doesn't have sculptural qualities. The second "independent-existence requirement is ordinarily more difficult to satisfy. The judge must determine that the separately identified feature has the capacity to exist apart from the utilitarian aspects of the article." *Id*. Again, this requirement is not satisfied in this case. Plaintiff's toy is a product being able to tangel and untangle itself. Neither part can be perceived as a three-dimensional work of art, and neither part can be separated from the useful article,aka the toy.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in their Complaint. Defendants respectfully prays that:

1. Plaintiff takes nothing by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants;

3. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper;

4. Plaintiff be awarded only compensation based on Defendants' profit from sales of the alleged infringing products if the Court finds Defendants liable for infringement.

| | |
|---|---|
| Date: October 11, 2021 | /s/ *Ruoting Men* <br> Ruoting Men, Esq. <br> GLACIER LAW PLLC <br> 200 Randolph, Ste. 5100 <br> Chicago, IL 10166 <br> ***Attorney for Defendants*** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this October 11, 2021, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: October 11, 2021 /s/ *Ruoting Men*
Ruoting Men, Esq.
GLACIER LAW PLLC
200 Randolph, Ste. 5100
Chicago, IL 10166
***Attorney for Defendants***

9